# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| LAYNE A. BOWEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. PUGLIESE, an individual; and CENTURIAN GROUP, LLC, (f/k/a Associated Risk Partner, LLC), a Connecticut limited liability corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEAL (DOC. NOS. 2, 4, 14, & 23)**<br><br>Case No. 2:25-cv-00556<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Layne Bowen brought this action against James Pugliese and his company, Centurian Group, LLC, in state court, asserting contract and tort claims relating to the sale of Mr. Bowen's insurance company.[1] Since removing the case to this court, Mr. Pugliese and Centurian have filed several motions for leave to file documents connected to the sale under seal, including the parties' agreement, a nonparty's offer letter, an email summarizing that offer, and the nonparty purchase agreement.[2] None of the motions are opposed, but each is unsupported and unjustified. Because the

---

[1] (Notice of Removal ¶ 7, Doc. No. 1; Ex. 1 to Notice of Removal (Compl.) ¶¶ 7–9, 41–72, Doc. No. 1-2.)

[2] (Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Notice of Removal, Doc. No. 2; Mot. for Leave to File Under Seal Exs. 2, 3, & 4 of Mot. to Dismiss, Doc. No. 4; Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Am. Notice of Removal, Doc. No. 14; Mot. for Leave to File Under Seal Exs. C & D of Defs.' Opp'n to Mot. for Leave to Am., Doc. No. 23.)

defendants fail to demonstrate confidentiality interests outweighing the public's interest in access to these key documents (which are also already publicly available elsewhere on the record), the motions are denied.

## BACKGROUND

According to the complaint, in 2023, Mr. Bowen entered a contract with Mr. Pugliese and Centurian to assist him in finding a buyer for his company.[3] Mr. Pugliese located a buyer—InsZone—which sent Mr. Bowen an offer letter.[4] Mr. Pugliese summarized that offer for Mr. Bowen in an email, informing his understanding of InsZone's obligations (among other aspects of the potential deal).[5] Mr. Bowen and InsZone then entered into a purchase agreement.[6] But InsZone later failed to perform its obligations—at least as Mr. Bowen understood them from Mr. Pugliese's representations.[7]

Mr. Bowen then brought this action against Mr. Pugliese and Centurian, asserting claims for breach of the contract, negligence, negligent misrepresentation, and tortious

---

[3] (Compl. ¶¶ 9–10, Doc. No. 1-2 (referencing Ex. 2 to Notice of Removal & Ex. A to Compl., Doc. No. 1-3).)

[4] (*Id.* ¶¶ 17–19 (referencing Ex. 3 to Notice of Removal & Ex. B to Compl., Doc. No. 1-4 (June 8, 2024 offer letter from InsZone to Mr. Bowen)).)

[5] (*Id.* ¶¶ 20–25 (referencing Ex. 4 to Notice of Removal & Ex. C to Compl., Doc. No. 1-5 (June 8, 2024 email from Mr. Pugliese to Mr. Bowen summarizing InsZone's offer letter)).)

[6] (*Id.* ¶ 31 (referencing Ex. 5 to Notice of Removal & Ex. D to Compl., Doc. No. 1-6 (September 9, 2024 purchase agreement between Mr. Bowen and InsZone)).)

[7] (*Id.* ¶¶ 33–40.)

interference based on Mr. Pugliese's conduct in the InsZone deal.[8]  The defendants now seek to seal their agreement, the offer letter, the email summary, and the nonparty purchase agreement, which are attached as exhibits to various pleadings in this case.[9]

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[10]  Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[11]  However, the right of public access is "not absolute."[12]  "The presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[13]  "The burden

---

[8] (*Id.* ¶¶ 41–72.)  Although Mr. Bowen has moved to amend his complaint, his motion is still pending.  Ultimately, though, the proposed amended pleading includes the same facts, claims, and core documents at issue here—the parties' agreement, InsZone offer letter, email summary, and nonparty purchase agreement.  (*See* Pl.'s Revised Mot. for Leave to File Am. Compl. (Revised Mot. to Am.), Doc. No. 29, and attached exhibits.)

[9] (*See* Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Notice of Removal, Doc. No. 2 (seeking to seal Doc. Nos. 1-3, 1-4, 1-5, and 1-6); Mot. for Leave to File Under Seal Exs. 2, 3, & 4 of Mot. to Dismiss, Doc. No. 4 (seeking to seal Doc. Nos. 3-2, 3-3, and 3-4); Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Am. Notice of Removal, Doc. No. 14 (seeking to seal Doc. Nos. 13-3, 13-4, 13-5, and 13-6); Mot. for Leave to File Under Seal Exs. C & D of Defs.' Opp'n to Mot. for Leave to Am., Doc. No. 23 (seeking to seal Doc. Nos. 22-3 and 22-4).)

[10] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[11] DUCivR 5-3(a)(1).

[12] *Colony Ins. Co.*, 698 F.3d at 1241 (citation modified).

[13] *Id.* (citation modified).

is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[14]  For example, documents containing sensitive, proprietary information concerning a party's business practices may properly be sealed,[15] whereas a mere "interest in preserving the confidentiality of [a] contract does not necessarily constitute a sufficiently substantial justification."[16]  In addition, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[17]

## ANALYSIS

The defendants seek to seal—in their entirety—certain copies of their agreement,[18] the InsZone offer letter,[19] an email summary,[20] and the nonparty purchase agreement.[21]  But the defendants do not seek to seal all copies in the record, and they do not justify sealing any.  They generally assert, without explanation, that information in these documents "constitutes confidential and sensitive trade secrets expected to be

---

[14] *Id.* (citation modified).

[15] *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016); *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished).

[16] *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019).

[17] DUCivR 5-3(b)(2)(A).

[18] (Doc. Nos. 1-3, 3-2, 13-3, 22-3, & 22-4.)

[19] (Doc. Nos. 1-4, 3-3, & 13-4.)

[20] (Doc. Nos. 1-5 & 13-5.)

[21] (Doc. Nos. 1-6, 3-4, & 13-6.)

protected under the standard protective order."[22] In one motion, the defendants add slivers of additional detail, asserting: that Centurian uses the agreement at issue and the document "contemplates its proprietary agreements with prospective clients";[23] that the InsZone offer letter and purchase agreement include confidential terms and are "anticipated to contemplate and include proprietary terms and conditions";[24] and that Mr. Pugliese's email is "expected to raise concerns if disclosed."[25]

Where the defendants base their requests to seal these documents solely on broad and unexplained assertions, they fail to demonstrate a significant interest outweighing the presumption of public access. To start, general assertions that the agreement between the defendants and Mr. Bowen (and used by Centurian) includes confidential information protected by the standard protective order are insufficient, on

---

[22] (Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Notice of Removal, Doc. No. 2 at 1; Mot. for Leave to File Under Seal Exs. 2, 3, & 4 of Mot. to Dismiss, Doc. No. 4 at 1; Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Am. Notice of Removal, Doc. No. 14 at 1; Mot. for Leave to File Under Seal Exs. C & D of Defs.' Opp'n to Mot. for Leave to Am., Doc. No. 23 at 1.) In each motion, the defendants argue that the standard protective order in this district applies until a different order is entered (if any). But the defendants do not explain how this supports or justifies sealing the documents at issue here.

[23] (Mot. for Leave to File Under Seal Exs. 2, 3, 4, & 5 of the Am. Notice of Removal, Doc. No. 14 at 2.) It is unclear how the parties' agreement "contemplates" proprietary agreements with clients.

[24] (*Id.*) It is unclear what the defendants mean by "anticipated to contemplate" or what (and whose) proprietary terms and conditions they refer to in these documents.

[25] (*Id.*)

their own, to justify sealing.[26] The defendants do not specify any confidential or proprietary information, let alone explain how that information outweighs the presumption of public access.[27] And the agreement (like the other documents at issue here) is central to this case.[28] Accordingly, the defendants fail to justify sealing the parties' agreement.

Likewise, the defendants fail to justify sealing InsZone's offer letter and the nonparty purchase agreement. Again, the defendants generally claim these documents contain confidential and proprietary information. Yet they fail to identify the information or explain how it reveals private business practices.[29] InsZone, a nonparty to this case

---

[26] *See Nielson v. Harley-Davidson Motor Co. Grp.*, No. 21-4046, 2022 U.S. App. LEXIS 6263, at *2 n.2 (10th Cir. Mar. 10, 2022) (unpublished); *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014).

[27] *See Sacchi*, 918 F.3d at 1160 (explaining that an "interest in preserving the confidentiality of [a] contract does not necessarily constitute a sufficiently substantial justification," and holding the movant failed to offer "any specific argument or facts indicating why the confidentiality of the contract outweighs the presumption of public access" (citation modified)); *Colony Ins. Co.*, 698 F.3d at 1241–42 (denying a motion to seal where the only stated reason for filing the documents under seal was that "they involve the terms of confidential settlement agreements and/or they were filed under seal in the district court," and the parties offered no specific arguments or facts as to why the contract's confidentiality outweighs the presumption of public access).

[28] *Colony Ins. Co.*, 698 F.3d at 1241 (refusing to seal confidential settlement agreements where the parties placed them "at the center of [the] controversy" and, given that centrality, failed to show the interest in "keeping the terms of the agreements confidential outweighs the public interest in access").

[29] *Cf. Braun*, 719 F. App'x at 801 n.8 (agreeing that sealing was proper where documents contained "sensitive, proprietary information concerning [*the movant's*] business practices"); *see also Deherrera*, 820 F.3d at 1162 n.8 ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating

with no apparent connection to Mr. Pugliese or Centurian, made the offer. And InsZone entered into the purchase agreement with Mr. Bowen—not the defendants. That Mr. Pugliese helped broker the deal does not mean the defendants have a significant interest in depriving the public of access to these documents, particularly where they lie at the heart of this case.

The same is true for Mr. Pugliese's email, which purports to summarize InsZone's offer. The defendants' unexplained contention that the email is expected to raise concerns if disclosed is uncompelling: Mr. Bowen's complaint includes screenshots and descriptions of nearly the entire email as a primary source of Mr. Pugliese's alleged misrepresentations.[30] Yet the defendants have not sought to seal these portions of the complaint. Where the defendants fail to specify any information in InsZone's offer letter, the nonparty purchase agreement, and Mr. Pugliese's email summary that justifies depriving the public of access, sealing is not warranted.[31]

Finally, the defendants' scattershot approach to pursuing the sealing of these documents undermines their requests. Apart from the fact that the email summary is available in the complaint itself, each of these documents is publicly available elsewhere

---

the pages contain sources of business information that might harm a *litigant's* competitive standing." (citation omitted) (emphasis added)).

[30] (Compl. ¶¶ 23–25, Doc. No. 1-2; Revised Proposed Am. Compl. ¶¶ 36–47, Doc. No. 29-1.) Notably, the defendants have not sought to seal any portion of the complaint.

[31] *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (explaining that a party seeking to seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process").

in the record. For instance, Mr. Bowen filed them publicly with his motions to amend his complaint.[32] The defendants have not endeavored to seal those filings notwithstanding that they have all been publicly available on the docket for many months.

Under these circumstances, the defendants have failed to meet their burden to justify sealing the documents. They have not demonstrated a significant interest outweighing the presumption of public access to the documents at issue here. Instead, they base their motions on general assertions of confidentiality over documents which have been publicly available for some time. Accordingly, the defendants' motions to seal are denied. The documents at issue shall be (or shall remain) unsealed.

## CONCLUSION

Because Mr. Pugliese and Centurian fail to demonstrate confidentiality interests outweighing the presumption of public access, the motions[33] to seal are denied. The

---

[32] (*See* Ex. A to Revised Proposed Am. Compl., Doc. No. 29-1 at 28–34 (unsigned party agreement); Ex. B to Revised Proposed Am. Compl., Doc. No. 29-1 at 47–53 (executed party agreement); Ex. C to Revised Proposed Am. Compl., Doc. No. 29-2 at 2–4 (signature pages for party agreement); Ex. D to Revised Proposed Am. Compl., Doc. No. 29-2 at 5–12 (June 8, 2024 letter from InsZone to Mr. Bowen); Ex. E to Revised Proposed Am. Compl., Doc. No. 29-2 at 14–15 (June 8, 2024 email from Mr. Pugliese to Mr. Bowen); Ex. F to Revised Proposed Am. Compl., Doc. No. 29-2 at 17–63 (September 9, 2024 nonparty purchase agreement); *see also* Pl.'s Mot. for Leave to File Am. Compl. (Mot. to Am.), Doc. No. 20; Ex. A to Mot. to Am., Doc. No. 20-2 (party agreement and signature pages); Ex. B to Mot. to Am., Doc. No. 20-3 (June 8, 2024 letter from InsZone to Mr. Bowen); Ex. C to Mot. to Am., Doc. No. 20-4 (June 8, 2024 email from Mr. Pugliese to Mr. Bowen); Ex. D to Mot. to Am., Doc. No. 20-5 (September 9, 2024 nonparty purchase agreement between Mr. Bowen and InsZone).)

[33] (Doc. Nos. 2, 4, 14, 23.)

documents at issue that have been temporarily sealed[34] shall be unsealed. Those that are not currently sealed[35] shall remain unsealed.

DATED this 2nd day of March, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[34] (Doc. Nos. 1-3, 1-4, 1-5, 1-6, 3-2, 3-3, 3-4, 22-3, 22-4.)

[35] (Doc. Nos. 13-3, 13-4, 13-5, 13-6.)